LEONARD BELL, *Appellant,* v. FRANK BELL, ALLEN BELL, FANNIE BELL MATHIS AND POMP MATHIS, HER HUSBAND, *Appellees.*

En Banc.

Opinion Filed March 16, 1925.

Petition for Rehearing Denied April 25, 1925.

Where a party who is named as one of the complainants in the court below and also as one of the appellees in the appellate court, by petition in the appellate court adduces an affidavit that he gave no one authority to institute the suit for him and did not know it was pending, the appellate court, on due consideration of the peculiar facts of the case warranting it, will reverse the decrees appealed from and remand the cause for such proceedings by the trial court as may be appropriate in the premises.

An Appeal from the Circuit Court for Alachua County; A. V. Long, Judge.

Reversed.

*F. Y. Smith,* for Appellant;

*Hampton & Hampton,* for Appellees.

PER CURIAM.—An appeal was taken by the defendant below from orders and decrees that resulted in adjudicating a partition of real estate. In this court a petition is presented praying for a dismissal of one of the appellees as a party complainant in the lower court, or for the reversal of the decrees with directions to the lower court to dismiss the petitioner as a party complainant in the court below.

The petition is signed in the petitioner's name by "his mark" without witnesses, and is sworn to before a notary

public. It contains a statement by the petitioner that "I knew nothing of any such case as this and gave nobody authority to represent me in this case." In opposition to this is an agreement signed in the petitioner's name with two witnesses employing counsel to conduct this litigation.

The petitioner who was named as one of the complainants in the court below, lives in South Carolina. He claims to have known nothing of the suit in the court below. Counsel for complainants below, appellees here, received their authority to institute the suit from attorneys in South Carolina who had what purports to be a contract of employment with the petitioner to conduct the litigation.

In view of the peculiar facts of the case, the court is of the opinion that the orders and decrees appealed from should be reversed and the cause remanded for such proceedings by the trial court as may be appropriate in the premises. It is so ordered.

WEST, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.

### ON PETITION FOR REHEARING

PER CURIAM.—It is manifest from the opinion that the only matter considered here was whether on the showing made by one of the complainants in the court below and an appellee here, was entitled to a hearing as to whether he had authorized the suit to be brought in his name in the trial court; and this court reversed the decrees appealed from in order that the trial court upon proper procedure might determine whether the party making objection had authorized suit to be brought in his name as one of the complainants in the court below. When the stated question is determined by the chancellor, he will of course make

appropriate orders and decrees upon the merits of the controversy.

Rehearing denied.

WEST, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.